IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Docket No. 11-1643 |
| EBRO FOODS, INC., ) | |
| ) | Judge Eugene Wedoff |
| ) | |
| Debtor and Debtor in Possession. ) | Chapter 11 |

**FINAL ORDER APPROVING**
**USE OF CASH COLLATERAL**

This matter coming to be heard on the Motion of EBRO FOODS, INC., Debtor and Debtor in Possession (hereinafter "Debtor"), for the authority to use cash collateral the Court having examined the foregoing Motion and the Court being fully advised in the premises:

THE PARTIES STIPULATE THAT:

1. On or about January 17, 2011, the Debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor has retained possession of its assets and is authorized thereby, as Debtor in Possession, to continue the operation and management of its business.

2. On January 27, 2011, Judge Squires entered an order granting the Debtor use of Cash Collateral. See Docket No. 25. Continued status on the use of cash collateral was set for February 15, 2011.

3. On February 1, 2011 an order was entered transferring this case to Chief Judge Doyle for reassignment to Judge Wedoff. See Docket No. 26.

4. The United States of America, Internal Revenue Service (the "Service"), claims, and the Debtor acknowledges, that the Service has valid liens upon all property of the Debtor existing as

1

of the date of the filing of the petition herein including accounts receivable, inventory, and the cash proceeds thereof.

5. An immediate need exists for the Debtor to use cash collateral in order to continue the operation of its business. Pursuant to 11 U.S.C. § 363, the proceeds of accounts receivable, contract rights, inventory, and general intangibles are cash collateral. The Service has indicated a willingness to consent to the Debtor's use of a limited amount of cash collateral provided that the Service is granted adequate protection Pursuant to 11 U.S.C. § 361.

6. The Debtor has agreed to, and does grant to the Service, a replacement lien on all post-petition property of the Debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

7. Pursuant to 11 U.S.C § 361, the Debtor has agreed to periodic payments of $3,500.00 on the first day of each month upon entry of this order so as to adequately protect the secured interest of the Service.

8. The liens granted herein to the Service shall be valid, perfected, and enforceable without any further action by the Debtor or the Service, and without the execution or recordation of any financing statements, security agreements, or other documents.

IT IS THEREFORE ORDERED:

A. The Debtor is authorized to use the Service's cash collateral upon the terms set forth in this Order.

B. The Service is hereby granted a replacement lien on: all post-petition property of the Debtor including, but not limited to inventory, machinery, furniture and fixtures, accounts

receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

C. Prior to confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the service $3,500.00 upon entry of this Order and $3,500.00 on the first day of each month thereafter until confirmation of a Plan of Reorganization. Said payments will be applied to the Service's secured claim in the best interest of the government (applied to the earliest year for which there is a liability first to the tax, then to the penalties, and finally to the interest). Allocation of the funds received by the Service is subject to recharacterization through a subsequent Order of the Court.

D. After confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Service the monthly installment payments of the balance of said indebtedness in accordance with the terms set forth in the Confirmed Plan of Reorganization.

E. At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of its machinery, furniture, and inventory.

F. The Debtor shall maintain a separate operating account, which account shall be entitled "Debtor-in-Possession Account", and with the exception of funds needed for petty cash and other payments in the normal course of business or otherwise allowed by the Court, the Debtor shall deposit and maintain all cash and all proceeds of accounts receivable, inventory, contract rights, and general intangibles in said account.

G. In the event the Debtor fails to fully comply with the terms of this Order, or in the event that a valid, final order of confirmation is not entered in these proceedings within one year of the entry of this order, or if the order of confirmation is vacated, reversed, or set aside on review, appeal or otherwise, then, in any of those events, the Service may, on notice, move to have the

stay provided by 11 U.S.C. § 362(a) modified to permit the Service to proceed at once to enforce any and all of its rights as a secured creditor.

H. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect the Service's secured position or the ultimate collectability of its claim herein shall be timely mailed to the following address:

> IRS Counsel, SB/SE
> 200 West Adams, Suite 2300
> Chicago, Illinois 60606
>
> Internal Revenue Service
> Insolvency Unit
> 230 South Dearborn
> Chicago, Illinois 60604
> Mail Stop 5010 CHI

[Space intentionally left blank, Order continued on next page.]

I. All payments made pursuant to this order shall be timely mailed to the Service at the following address:

> IRS Counsel, SR/SE
> Attn: Gorica B. Djuraskovic, Attorney
> 200 West Adams, Suite 2300
> Chicago, Illinois 60606

AGREED:

| | |
|---|---|
| Ebro Foods, Inc.<br>Debtor-In-Possession | UNITED STATES OF AMERICA<br>Internal Revenue Service<br>Patrick J. Fitzgerald United States Attorney<br>United States Attorney |
| /s/ Philip Groben<br>Philip Groben #6299914<br>Forrest L. Ingram, P.C.<br>Counsel of the Debtor<br>79 W. Monroe St., Suite 900<br>Chicago, IL 60603<br>Tel: (312) 759-2838 | /s/ Gorcia B. Djuraskovic<br>Gorica B. Djuraskovic #6281738<br>Special Assistant<br>United States Attorney<br>200 West Adams St., Ste. 2300<br>Chicago, IL 60606<br>(312) 368-8158 |
| Date: February 14, 2011 | Date: February 14, 2011 |

ENTERED:

Date: 2/15/11

_____
The Honorable Eugene Wedoff

5